IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 2, 2001

## TERRELL E. JACKSON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. P-23805     Arthur T. Bennett, Judge**

**No. W2001-00901-CCA-R3-PC  - Filed November 7, 2001**

The petitioner, Terrell E. Jackson, appeals the trial court's denial of post-conviction relief.  The issues presented for review are whether the petitioner was denied the effective assistance of counsel and whether he entered a knowing and voluntary guilty plea.  The judgment is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which JOSEPH M. TIPTON and ROBERT W. WEDEMEYER, JJ., joined.

Juni S. Ganguli, Memphis, Tennessee, for the appellant, Terrell E. Jackson.

Paul G. Summers, Attorney General & Reporter; Kim R. Helper, Assistant Attorney General; and Lee V. Coffee, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On August 31, 1999, the petitioner entered pleas of guilt to aggravated assault, attempted aggravated robbery, and aggravated rape.  The trial court imposed concurrent sentences of six years, six years, and 15 years, respectively.

On August 15, 2000, the petitioner filed a post-conviction petition alleging that he had been denied the effective assistance of counsel at trial and that his pleas of guilt were neither knowingly nor voluntarily made.  In particular, the petitioner alleged that he was unaware that his 15-year sentence for aggravated rape would require 100% service prior to release eligibility.  The petitioner also alleged that his trial counsel had failed to adequately investigate, had failed to file appropriate pretrial motions, and had failed to effectively communicate during the course of his representation.  He also argued that the trial court failed to personally address the petitioner as required by Rule 11 of the Tennessee Rules of Criminal Procedure.  The trial court appointed counsel who amended the petition.

At the conclusion of the evidentiary hearing, the trial court filed findings of fact and conclusions of law which provided, in part, as follows:

[A] review of the record reveals that Attorney Finklea raised the issue regarding [p]etitioner's having to serve the sentence on the Class A felony at 100% even though he would serve the sentences on the other charges as a Range I, [s]tandard [o]ffender, during guilty plea proceedings. At the time, the [c]ourt questioned [p]etitioner under oath regarding whether [c]ounsel had explained penalties imposed by law that he was facing. Petitioner stated that [c]ounsel had discussed the sentences with him prior to the proceeding and indicated that knowing that the aggravated rape case carried fifteen years at 100%, he still wanted to plead guilty.

The evidence clearly established that [c]ounsel advised [p]etitioner that he would have to serve the 15-year sentence for aggravated rape at 100% as a violent offender. . . . Petitioner presented no evidence or testimony to support a finding that he would not have pleaded guilty and would have insisted on proceeding to trial but for [c]ounsel's advice. . . .

The trial court also concluded that the guilty pleas were made knowingly and voluntarily and that the convicting court had, in fact, personally addressed the petitioner during the guilty plea proceedings. The trial court specifically determined that the petitioner's trial counsel had advised that the aggravated rape would require 100% service of sentence with eligibility for 15% good time credits. The record of the guilty plea hearing, according to the findings of fact, also demonstrated that the petitioner had been advised of the 100% service requirement in open court.

In this appeal of right, the petitioner argues that he was "too shaken mentally" to adequately respond to the questions his trial counsel submitted at the hearing on his guilty pleas. He claims that because his trial counsel had misinformed him in prior discussions about the percentage of service required before release, his plea was neither knowingly nor voluntarily entered. The petitioner asserts that because trial counsel is now practicing law in Kentucky, he was unavailable to be called as a witness at the hearing.[1]

Under the terms of the Post-Conviction Procedure Act, a petitioner bears the burden of proving his allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f). The credibility of the witnesses and the weight and value afforded to their testimony are appropriately addressed in the trial court. Bates v. State, 973 S.W.2d 615, 631 (Tenn. Crim. App. 1997). On appeal, the burden is on the petitioner to establish that the evidence preponderated against the findings of the trial judge. Clenny v. State, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978). Otherwise,

---

[1] In addition to the brief filed by counsel, the petitioner filed a pro se brief. Because it has long been the rule that a criminal defendant may not be represented by counsel in this court and simultaneously proceed pro se, State v. Burkhart, 541 S.W.2d 365, 371 (Tenn. 1976), this brief was ordered to be stricken from the record.

-2-

the findings of fact by the trial court are conclusive. <u>Graves v. State</u>, 512 S.W.2d 603, 604 (Tenn. Crim. App. 1973).

In <u>Boykin v. Alabama</u>, 395 U.S. 238 (1969), the United States Supreme Court ruled that defendants should be advised of certain of their constitutional rights before entering pleas of guilt. Included among those required warnings are the right against self-incrimination, the right to confront witnesses, and the right to a trial by jury. <u>Id.</u> at 243. The overriding <u>Boykin</u> requirement is that the guilty plea must be knowingly and voluntarily made. <u>Id.</u> at 242. If the proof establishes that the petitioner was aware of his constitutional rights, he is entitled to no relief. <u>Johnson v. State</u>, 834 S.W.2d 922, 926 (Tenn. 1992). "[A] plea is not 'voluntary' if it is the product of '[i]gnorance, incomprehension, coercion, terror, inducements, [or] subtle or blatant threats . . . .'" <u>Blankenship v. State</u>, 858 S.W.2d 897, 904 (Tenn. 1993) (quoting <u>Boykin</u>, 395 U.S. at 242-43).

In order for the petitioner to be granted relief on grounds of ineffective counsel, he must establish that the advice given or the services rendered were not within the range of competence demanded of attorneys in criminal cases and that, but for his counsel's deficient performance, the result of his trial would have been different. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984); <u>Baxter v. Rose</u>, 523 S.W.2d 930, 936 (Tenn. 1975). This two-part standard, as it applies to guilty pleas, is met when the petitioner establishes that, but for his counsel's errors, he would not have pled guilty and would have insisted on a trial. <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985).

Initially, by his failure to include the transcript of the evidentiary hearing in the record, the petitioner has waived his claim that the trial court erred by denying the petition. Tenn. R. App. P. 24(b). It is the duty of the appellant to prepare a record which conveys a fair, accurate, and complete account of what transpired in the trial court. <u>State v. Price</u>, 46 S.W.3d 785, 812 (Tenn. Crim. App. 2001). Absent an adequate record, this court must presume that the rulings of the trial court were correct. <u>State v. Oody</u>, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991).

Furthermore, the limited record available, including the findings of fact and conclusions of law filed by the trial court and the transcript of the guilty pleas entered by the petitioner, establishes that the pleas were knowingly and voluntarily made. That is, the petitioner's trial counsel and the trial judge who accepted the pleas confirmed that the petitioner would be required to serve the sentence for aggravated rape at 100%, with only a 15% eligibility for good time credits:

> MR. FINKLEA: Judge, just one thing that I wanted to bring to the attention of the [c]ourt, the Class A felony, [is] a violent crime. It is different from the other two, which Mr. Jackson is pleading to as a [R]ange I, standard offender. It's a violent crime at one-hundred-percent. And he is eligible for good time credits and that, I believe, is at fifteen percent, max. So he has to, at least, serve eighty-five percent of the sentence and I've gone over that with him.
>
> THE COURT: Did he explain that to you, sir?

DEFENDANT JACKSON: Yes, sir.

THE COURT: In other words, the . . . aggravated rape case . . . carries fifteen years at one-hundred percent. Actually, you can earn fifteen percent. So when they say at one-hundred percent, you're really talking about eighty-five percent. You can earn fifteen percent. You understand all of that?

DEFENDANT JACKSON: Yes, sir.

THE COURT: Knowing that, you still want to plead guilty?

DEFENDANT JACKSON: Yes, sir.

There is no suggestion other than the his claim that he was "mentally shaken" by the proceeding, that the petitioner did not hear or was otherwise unaware of the admonitions about his release eligibility.


Accordingly, the judgment is affirmed.


_____
GARY R. WADE, PRESIDING JUDGE