**V. L. GRAVES, Plaintiff-in-Error,**

**v.**

**STATE of Tennessee, Defendant-in-Error.**

Court of Criminal Appeals of Tennessee.*

Oct. 5, 1973.

James C. Cunningham, Clarksville, for plaintiff in error.

David M. Pack, Atty. Gen., W. Henry Haile, Asst. Atty. Gen., Nashville, Noel R. Bagwell, Dist. Atty. Gen., Clarksville, for defendant in error.

## OPINION

O'BRIEN, Judge.

This appeal involves a post-conviction petition filed in the Criminal Court of

* No application was made to the Supreme Court for writ of certiorari; however, a committee of the Court of Criminal Appeals has recommended the publication of this opinion.

Montgomery County, Tennessee, which was denied after an evidentiary hearing. This proceeding was Case No. 13874 in the trial court.

This petitioner also filed an application to be provided with various records of his original trial proceedings, including a transcript of the preliminary hearing, and a transcript of the trial proceedings, under the purported authority of Chapter 310, Post-Conviction Acts of 1967. This petition was assigned Case No. 13761 in the trial court.

Both of these petitions were fully aired, and we wish to say at the outset that the trial judge, as well as the attorney general and appointed defense counsel are to be commended for the patient, thorough, and complete exposition of petitioner's complaints and alleged grievances in the trial court.

In the petition accorded Case No. 13761 petitioner requested he be furnished with various records, the listing of which began with affidavits establishing probable cause for issue of the warrant for his arrest, and concluded with the commitment orders directing his incarceration in the State Penitentiary. It is needless to enumerate here these various items and documents requested by petitioner, a recital of which are included in the comprehensive and complete memorandum and order entered by the trial judge, setting forth the grounds presented in the petition and stating his findings of fact and conclusions of law with regard to each of such grounds in compliance with T.C.A. Sec. 40–3818.

This order reflects, and the trial court found:

"(1) That the petitioner has failed to charge the abridgement of any right guaranteed by either the State or United States Constitution as required by T.C.A. Section 40–3805 and (2) Petitioner raised no question to which the transcript requested was or is material as is necessary by Section 40–3814 T.C.A. if

the State is to be required to furnish a transcript and (3) The relief sought is not one designated by Section 40–3820 T.C.A. and (4) Since the petitioner failed to allege any trial errors which might warrant post-conviction relief, he is not entitled to a transcript merely to enable him to comb the record in the hope of discovering some flaw."

The order further reflects that the petitioner had previously been provided with all of the documentary evidence requested except (1) a transcript of preliminary hearing, (2) a transcript of his trial proceedings, (3) copies of statements made against petitioner's interest prior to trial, (4) the motions and pleadings entered in the records against or on behalf of the petitioner. The court concluded that the petitioner had failed to allege matters under which relief should be granted and the petition was dismissed.

The transcript of the post-conviction proceeding has been forwarded as a part of this record and after having made a thorough review of this transcript we conclude that the trial judge was eminently correct in his findings and in his order dismissing the petition. See Jones v. State, 3 Tenn.Cr.App. 76, 457 S.W.2d 869. The findings of the trial court, upon questions of fact, are conclusive unless this court finds that the evidence preponderates against the lower court's judgment. State ex rel. Johnson v. Mainard, 188 Tenn. 501, 221 S.W.2d 531; State ex rel. Hall v. Meadows, 215 Tenn. 668, 389 S.W.2d 256; State ex rel. Lawrence v. Henderson, 1 Tenn.Cr.App. 199, 433 S.W.2d 96; State ex rel. Jennings v. Henderson, 1 Tenn.Cr. App. 438, 443 S.W.2d 835; State ex rel. Leighton v. Henderson, 1 Tenn.Cr.App. 598, 448 S.W.2d 82; Myers v. State, 3 Tenn.Cr.App. 414, 462 S.W.2d 265; Gray v. Johnson, 354 F.2d 986 (6th Cir. 1965); Bates v. Meadows, 358 F.2d 674 (6th Cir. 1966). The findings of a trial judge in an oral hearing, who sees and hears the witnesses testify, and hears and considers conflicting testimony, will be given the weight

of a jury verdict. Taylor v. State, 180 Tenn. 62, 171 S.W.2d 403; Atlas Powder Company v. Leister, 197 Tenn. 491, 274 S. W.2d 364. The burden of proving his allegations is on the petitioner. State ex rel. Lawrence v. Henderson, supra; Morgan v. State, 1 Tenn.Cr.App. 454, 445 S.W.2d 477; Shepard v. Henderson, 1 Tenn.Cr. App. 694, 449 S.W.2d 726.

In Case No. 13874 in the trial court, petitioner alleges the fact of a previous application for post-conviction relief and the grounds upon which it was based. The only ground alleged in this second petition is that two alternate jurors took part in the jury deliberation and pronouncement of the verdict against petitioner, which was a violation of his constitutional right to a trial by a twelve man jury.

In the memorandum and order prepared by the trial judge on the hearing of this petition, the trial court found that the only proof presented by the defendant was a reading of the minutes and record of conviction in his case and that the minutes are silent as to whether or not the two alternate jurors were excused by the court after its charge.

After detailing the evidence presented by the State, the learned trial judge additionally found the proof to be overwhelming to support a finding that the alternate jurors were excused by the court after he charged the jury and that neither alternate went to the jury room with the other twelve jurors, or deliberated with them, or were present with them during the deliberations and reaching and/or reporting the verdict, or in other words the alternate jurors were properly and timely excused from the jury and properly and timely separated from the jury after the jury was charged. The petition for post-conviction relief was denied and dismissed.

There is no doubt that the proof offered on behalf of the State in this case adequately supports the finding of the trial judge. Although the conviction trial of this petitioner had been held more than ten years prior to the hearing on the post-conviction petition, the State was able to produce (1) one of the alternate jurors who testified he was excused by the court after the jury was charged and he had nothing to do with forming the verdict and was not, after being excused, with the other jurors and did not go to the jury room with the other jurors after being excused; (2) another juror in the case who testified he remembered both alternate jurors, one of whom was his personal friend, and remembered both being excused by the court after its charge and that neither had anything to do with forming a verdict and neither were present in the jury room during their deliberations; (3) the original trial judge who testified he recalled excusing both alternate jurors, recalled talking with one of them while the jury was in the process of deliberation, that prior to the post-conviction hearing he had listened to the disc recording of the trial proceedings which established that he had excused the alternate jurors, that he had read the transcript which had been made of that portion of the recorded trial proceedings, certified by the transcriber as a true and accurate transcript, and he found it to be correct; (4) the testimony of Mrs. Harriet Albright who stated she was the secretary for the District Attorney General, that she had transcribed that portion of the trial record from the original recording discs pertaining to the discharge of the alternate jurors and that the transcript, admitted as Exhibit No. 2 to her testimony was a true and accurate transcript of that portion of the conviction trial record. That both the original trial judge and petitioner's counsel had listened to the conviction trial recording, and that said counsel had been furnished a copy of the transcription.

On the authority of Johnson v. State, an unpublished opinion of this Court at the February, 1971 term at Nashville, the trial judge in this case also found that the evidence introduced by the State was offered only to explain the minutes of the convic-

tion trial court and not for the purpose of impeaching or altering them in any way. With this conclusion, we must agree. As clearly as we can discern from this record, no appeal was taken from the conviction trial although petitioner's right to do so at the time is as positive as the fact that had the condition existed which he now protests, that is, if the alternate jurors had participated in the deliberations resulting in his conviction, the appeal would have been taken as certainly as day passes into night.

 Had this conviction been appealed the bill of exceptions upon which the appellate court could have considered the only question raised by this petition would have been that transcription of the conviction trial record which has been admitted as Exhibit No. 2 to the testimony of Mrs. Harriet Albright in this case. This transcript clearly shows that prior to the time the jury retired to deliberate their verdict the alternate jurors were excused. That after the verdict was pronounced by the jury, the same jury was polled and their names and numbers are set forth in the transcript, clearly reaffirming that the alternate jurors had no part in the deliberations or pronouncement of the verdict. Of course, in such a situation on direct appeal as between the minute entry and the recital in the bill of exceptions, the bill of exceptions controls. Church v. State, 206 Tenn. 336, 333 S.W.2d 799; Gant v. State, 3 Tenn.Cr.App. 658, 466 S.W.2d 518.

This court has been taken to task in the State's brief, in regard to a supposed error of opinion in another unpublished case, Brewer v. State, No. F–2051, Warren County, from the November, 1972 term at Nashville. While we are not above criticism, and we do recognize the right of the Attorney General to disagree with our expressed views, a careful review of the opinion in *Brewer*, supra, convinces us that the criticism is unwarranted in this case. If the State's attorney was dissatisfied with our decision the remedy would have

been to seek the mandate of a higher authority as we suggested in *Brewer*.

We do not find that our opinion in *Brewer*, supra, conflicts with our decision in this case to sustain the judgment of the trial court in dismissing the post-conviction petition and denying the relief prayed therein.

Judgment affirmed.

OLIVER and MITCHELL, JJ., concur.