# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JUNE 1998 SESSION



**FILED**

**July 24, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | |
|---|---|
| **MICHAEL LEWIS,** | ) |
| | ) C.C.A. No. 02C01-9712-CR-00467 |
| Appellant, | ) |
| | ) Shelby County |
| V. | ) |
| | ) Honorable John P. Colton, Jr., Judge |
| | ) |
| **STATE OF TENNESSEE,** | ) (Post-Conviction) |
| | ) |
| Appellee. | ) |

FOR THE APPELLANT:

Robert B. Gaia
Attorney at Law
100 North Main Bldg., Suite 3201
Memphis, TN 38103

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Douglas D. Himes
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

William L. Gibbons
District Attorney General

Alanda Horne
Assistant District Attorney General
201 Poplar Avenue, Third Floor
Memphis, TN 38103

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

# O P I N I O N

In August 1994, the appellant, Michael Lewis, pled guilty to aggravated robbery and theft of property less than $500.  He was sentenced to concurrent Range I sentences of eight years and one year, respectively.  In April 1996, the appellant filed a pro se motion for post-conviction relief.  Counsel was appointed.  An amended petition was filed alleging that the appellant's guilty pleas were involuntarily entered due to ineffective assistance of counsel.  After a hearing, the Shelby County Criminal Court denied the petition.  The sole issue for our review is whether the evidence preponderates against the findings of the trial court.  We affirm the hearing court.

The appellant contends that he pled guilty only because his attorney told him he would serve two and one-half years of the eight-year sentence offered in the plea agreement.  The appellant also alleged that his attorney failed to investigate his case, failed to discuss trial strategy, failed to file motions on his behalf, and failed to prepare for his trial.

An assistant public defender, Sherry Brooks, was appointed to represent the appellant on the original charges.  At the hearing on the appellant's petition, Ms. Brooks testified that she interviewed the appellant after he was arraigned.  Ms. Brooks testified that the appellant told her that he did not want a jury trial.  He  admitted that he committed the crimes.  Ms. Brooks testified that the appellant was adamant about pleading guilty on arraignment day.  Brooks testified that she read through the state's files on the charges.  The victim of each offense had positively identified the appellant as the perpetrator.  The appellant gave a statement to the police in which he confessed to the aggravated robbery.  Ms. Brooks testified that she discussed the state's proof and the state's offer with the appellant.  Thereafter, the appellant pled guilty.

The appellant testified that he pled guilty because Ms. Brooks told him that he would serve approximately two and one-half years of his sentence. He testified that he thought that this was a good deal so he pled guilty. The Board of Paroles denied the appellant parole because he was involved in fights while serving his sentence in prison. The appellant testified that Ms. Brooks failed to discuss his case, his statement, and trial strategy with him. The appellant admitted that he told the judge at the plea hearing that Ms. Brooks had discussed his case with him and that he understood his constitutional rights. The appellant testified that he answered the trial court's questions affirmatively because Ms. Brooks told him to agree with everything that the court said.

Ms. Brooks testified that she never told the appellant that he would be released in two and one-half years. Ms. Brooks denied instructing the appellant to agree with everything that the judge said.

The appellant testified that if the trial court granted his petition for post-conviction relief, then he would go to trial. He testified that if his statement was suppressed that a victory at trial on the theft charge "would be guaranteed." The appellant did not establish why his statement was likely to be suppressed. He made no showing as to how he was likely to be found not guilty on the aggravated robbery count. Ms. Brooks testified that the appellant would have been convicted of both offenses, even if the statement had been suppressed because the victims had identified the appellant as the perpetrator.

The trial court denied the appellant's petition. The court found that the appellant entered his pleas voluntarily. The court noted that the trial court carefully explained to the appellant his constitutional rights before accepting his guilty pleas. The court found that the appellant failed to establish that his attorney had rendered ineffective assistance of counsel.

In order for the petitioner to be granted relief on grounds of ineffective assistance of counsel, he or she must establish that the advice given or the services rendered was not within the "range of competence demanded of attorneys in criminal cases" and that, but for counsel's deficient performance, the result of his trial would have been different. Strickland v. Washington, 466 U.S. 668 (1984); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). This two-part standard, as it applies to guilty pleas, is met when the petitioner establishes that, but for his counsel's error, he would not have pleaded guilty and would have insisted on trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

The burden is on the petitioner to show that the evidence preponderates against the findings of the trial judge. Clenny v. State, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978). Otherwise, the findings made by the trial court are conclusive. Graves v. State, 512 S.W.2d 603, 604 (Tenn. Crim. App. 1973)

The appellant has failed to show that the evidence preponderates against the trial court's findings. The appellant's primary argument is that he pled guilty because his attorney told him that he would only serve two and one-half years. The appellant, however, admitted that he understood that his sentence was eight years with a 30% release eligibility date. Ms. Brooks denied that she told the appellant that he would be released in two and one-half years. The court found her testimony credible.

The record supports the court's finding that the appellant failed to show that he received ineffective assistance of counsel. Ms. Brooks testified that the evidence in the state's files would have most likely led to convictions on both offenses. She testified that the appellant was adamant about pleading guilty on arraignment day. We find her representation appropriate and effective.

We affirm the judgment of the trial court denying relief.

_____
PAUL G. SUMMERS, Judge

CONCUR:


_____
DAVID H. WELLES, Judge


_____
JOE G. RILEY, Judge