IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

MARCH 1999 SESSION

FILED

August 16, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| EDDIE DEAN HALL, | * | C.C.A. # 03C01-9806-CR-00218 |
| Appellant, | * | GREENE COUNTY |
| VS. | * | Hon. Ben K. Wexler, Judge |
| STATE OF TENNESSEE, | * | (Post-Conviction) |
| Appellee. | * | |

For Appellant:

J. Russell Pryor, Attorney
128 South Main Street
Suite 101
Greeneville, TN  37743

For Appellee:

John Knox Walkup
Attorney General and Reporter

Ellen H. Pollack
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
Nashville, TN  37243

Eric D. Christiansen
Assistant District Attorney General
109 South Main Street
Greeneville, TN  37743

OPINION FILED:_____

AFFIRMED

GARY R. WADE, PRESIDING JUDGE

The petitioner, Eddie Dean Hall, appeals the trial court's denial of his petition for post-conviction relief. The single issue presented for review is whether the petitioner was denied the effective assistance of counsel.

_____ We find no error and affirm the judgment of the trial court.

On December 20, 1996, the petitioner entered guilty pleas to two first degree murder charges, one of which was based upon an incident in Greene County and the other of which was based upon an incident in Cocke County. Both of the pleas were entered before Judge William R. Holt, Jr., in Cocke County, who imposed concurrent sentences of life without parole. There was no appeal.

On November 19, 1997, the petitioner filed a petition for post-conviction relief in Greene County alleging, among other things, that he had been denied the effective assistance of counsel. The petitioner contended that he lacked confidence in the two Cocke County attorneys who were appointed as counsel because they had failed to adequately interview witnesses or investigate leads provided by the petitioner. He complained that while he had two attorneys from Cocke County, one never contacted him and was replaced four days prior to his guilty plea. He alleged that his replacement attorney from Cocke County was not present when he pled guilty and that his counsel should have requested a psychological evaluation. He points out that his guilty plea in Greene County was entered without there being a formal charge of first degree murder based upon an indictment in that county.

At the evidentiary hearing, the petitioner testified that he was in the

2

penitentiary on a parole violation when he learned that he had two appointed attorneys from each of the public defender's offices in Greene County and Cocke County. He testified that his Greene County attorneys were available "anytime I called and asked to speak with them" and that they kept him aware of the evidence the state intended to present. He complained that the Cocke County Public Defender never spoke to him and that his other attorney in that county did not communicate frequently enough. The petitioner related that the offer made by the state was a "package deal" and that he had to plead guilty to each murder and accept concurrent sentences of life without parole, else he would face two trials. He stated that the offer made by the state was contingent upon the petitioner's immediate acceptance; he understood that if he required Greene County to go through the process of a grand jury indictment, that the state intended to go to trial.

The petitioner, who had been in prison since March of 1983 except for a short period of time in which he was on parole, complained that his attorneys did not seek a psychological evaluation even though he faced the possibility of the death penalty in both counties. He did concede, however, that he was pleased with his representation of the attorneys in Greene County and that his mother, who he said had Alzheimer's disease, counseled with him before he entered the plea agreement. The petitioner contended that his dissatisfaction with his attorneys in Cocke County had an effect upon his decision to enter pleas of guilt in Greene County and that he felt pressured to accept the offers made by the state. He testified that he had a seventh grade education, could "read a little," had little other family to assist him in his decision, and would have never pled guilty in Greene County but for the poor quality of his attorneys in Cocke County.

The petitioner also asserted that letters written by his co-defendant,

3

Ivan Dean Shaver, supported his innocence of the crimes and that neither his Greene County nor his Cocke County lawyers sufficiently communicated with him about the content of the letters. As an example, the petitioner cited a letter dated March 10, 1996, from Shaver to his wife, DeeDee Shaver, who was also charged in the crimes:

> I will get you out of this, Dee, because I know that they want Eddie and his brother bad over the 1991 murder of that Cobble man, and they also want Eddie in all this.... I am going to give them what they want and they'll give me what I want, and that's you out of all this ... that Max put on us.

Another letter by Shaver to his wife included the following passage:

> Sure, I might have to tell a lie here and there, but your freedom and your life means more to me than mine ever could.

The petitioner stated that neither his Greene County lawyers nor his Cocke County lawyers discussed specific portions of the correspondence which might have been helpful in his defense.

The petitioner was cross-examined about the transcript of his guilty plea. After acknowledging that he entered an Alford,[1] best-interest plea rather than confessing his guilt on either charge, the petitioner agreed that he had not been coerced in accepting the agreement, that he got along well with his Greene County attorneys, that he understood the nature of the charges and the range of penalties, and otherwise had no questions about the nature of the proceedings.

The only other witness at the evidentiary hearing was Susanna Laws Thomas, one of the two attorneys who represented the petitioner in Cocke County. Ms. Thomas testified that she had represented the petitioner for approximately a

---

[1] See North Carolina v. Alford, 400 U.S. 25 (1970).

4

year before he entered into the plea agreement. While the state and the trial court raised questions about the relevance of her testimony as to the Greene County pleas, she was nevertheless allowed to testify that she visited the petitioner six or eight times during the course of her representation. Ms. Thomas testified that the Greene and Cocke cases were related in that they "involved the same people...." The Greene County offense occurred November 8, 1995, and the Cocke County murder was November 24, 1995.

Ms. Thomas testified that the Shaver letters included over 500 or 600 pages covering approximately four months' time. She recalled having read all of the letters and having discussed with the petitioner those portions which were helpful to his defense. Ms. Thomas testified that she was not able to locate all of the witnesses provided by the petitioner but "did talk to many witnesses in the case." When questioned as to why she did not seek a psychological evaluation for the petitioner, she answered as follows: "I did not see any indication that there was a competency or insanity issue, and I felt the results of the psychological would be detrimental in a capital trial." She testified that both Greg Eichelman and Michael Walcher, who represented the petitioner in Greene County, were, in her opinion, effective in their representation of the petitioner. Ms. Thomas testified that all of the attorneys cooperated in the investigation, divided responsibilities, and avoided any duplication of effort. She testified that she was able to elicit the plea offer from each of the two district attorney generals involved in the prosecution. She stated that the petitioner had been "very involved in negotiating the precise terms of what he would accept in a plea agreement" before accepting the offer of the state. Ms. Thomas testified that the petitioner had one month to consider whether to enter the plea agreement ultimately approved by Judge Holt.

5

At the conclusion of the evidentiary hearing, the trial court ruled that the circumstances did not warrant having a psychological evaluation, that the petitioner knowingly and voluntarily entered into the plea agreement, and that the Greene County attorneys had been effective in their representation. The petition was, of course, dismissed.

In order to establish that his counsel was ineffective, the petitioner must show in a post-conviction proceeding that the advice given or the services rendered were not within the range of competence of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975). He must also establish that but for his counsel's deficient performance, the results of the trial would have been different. Strickland v. Washington, 466 U.S. 668 (1984). This two-part standard, as it applies to guilty pleas, is met when the petitioner establishes that, but for counsel's errors, he would not have pleaded guilty and would have insisted on trial. Hill v. Lockhart, 474 U.S. 52 (1985).

Under our statutory law, the petitioner bears the burden of proving his allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f). The burden is on the petitioner to show that the evidence preponderates against the findings of the trial judge who, in this instance, found in favor of the state. Clenny v. State, 576 S.W.2d 12 (Tenn. Crim. App. 1978). The findings in the trial court on questions of fact may not be reversed on appeal unless the evidence preponderates otherwise. Graves v. State, 512 S.W.2d 603 (Tenn. Crim. App. 1973).

In Strickland, the standard of review on the issue of assistance of counsel was stated as follows:

> This requires showing that counsel made errors so
> serious that counsel was not functioning as the "counsel"

6

guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or ... sentence resulted from a breakdown in the adversary process that renders the result unreliable.

Strickland, 466 U.S. at 687. Strickland warns that courts should "eliminate the distorting effects of hindsight ... and to evaluate the conduct from counsel's perspective at the time." Id. at 689.

Here, the record reflects that the petitioner actually complimented the performance of his attorneys in Greene County. The conviction in Greene County is the only one under attack in this proceeding. Certainly, the testimony by Ms. Thomas supported the conclusion that counsel had adequately represented the petitioner. The only serious complaints made by the petitioner were the failure of his counsel to seek a psychological evaluation and their failure to further discuss the content of the letters written by Shaver to his wife (who was also charged in the offense). Yet the petitioner has failed to give any reason other than a lack of education as to why his counsel should have considered asking for a psychological evaluation. The plea agreement, which may have had the effect of saving his life, was available for only a short time and the professional judgment of counsel, which had to be exercised expeditiously, appears to have been sound, even in hindsight. Furthermore, there is no indication that the content of the letters were so inconsistent with the theory of the prosecution as to warrant a demand for trial. The trial court accredited the testimony of Ms. Thomas that the petitioner's counsel had reviewed all of the letters, found portions which would have been supportive to the defense, and communicated that to the petitioner before he accepted the plea agreement. In short, the evidence does not preponderate against the conclusions

7

reached by the trial court.

        Accordingly, the judgment is affirmed.

_____
Gary R. Wade, Presiding Judge

CONCUR:


_____
Norma McGee Ogle, Judge


_____
Cornelia A. Clark, Special Judge