IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JULY 1999 SESSION

FILED

August 25, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| ADRIAN WAITE, | * | C.C.A. # 03C01-9809-CR-00343 |
| Appellant, | * | HAMILTON COUNTY |
| VS. | * | Hon. Stephen M. Bevil, Judge |
| STATE OF TENNESSEE, | * | (Post-Conviction) |
| Appellee. | * | |

For Appellant:

Tom Landis, Attorney
Suite 327
744 McCallie Avenue
Chattanooga, TN  37403

For Appellee:

Paul G. Summers
Attorney General and Reporter

Todd R. Kelley
Assistant Attorney General
425 Fifth Avenue North
Second Floor, Cordell Hull Building
Nashville, TN  37243-0493

Mark A. Hooton
Assistant District Attorney General
Third Floor
Hamilton County-City Courts Building
Chattanooga, TN  37402

OPINION FILED:_____

AFFIRMED

GARY R. WADE, PRESIDING JUDGE

OPINION

The petitioner, Adrian Waite, appeals the trial court's denial of post-conviction relief. The single issue presented for review is whether the defendant was denied the effective assistance of counsel prior to entering a guilty plea. We find no error and affirm the judgment of the trial court.

On May 13, 1993, the petitioner entered pleas of guilt to second degree murder and aggravated assault. The trial court imposed consecutive sentences of twenty years and six years, respectively. On November 16, 1995, the petitioner filed this petition for post-conviction relief, claiming that because his trial counsel was ineffective, his guilty pleas were neither knowingly nor intelligently made. More specifically, he contended that the pleas were made under duress and that his trial counsel failed to adequately investigate the charges, failed to develop a strategy of defense, and otherwise failed to comport with the standards required of the profession.

The trial court summarily dismissed the petition and, on appeal, this court reversed, holding as follows:

> Before there can be a preliminary dismissal ..., the statute requires the trial court to assume "as true" the facts alleged by the petitioner. Here, the petitioner, notwithstanding the contents of the transcript of his guilty pleas, contended that his submission to the charges was brought about through "duress," "false promise," and "coerced help." He asserted that, as a result of these improper influences, his pleas were neither knowingly nor voluntarily entered; he insisted that but for the deficient representation of his counsel, he would not have conceded his guilt to the charges.
>
> Those allegations, of course, may be exceedingly difficult to prove. Yet, even when it is unlikely that a petitioner could adequately establish the violation of his constitutional rights, the new post-conviction statute contemplates and due process requires that he at least be afforded the opportunity. The transcript is indeed

> persuasive evidence that the pleas were freely,
> voluntarily, and intelligently made; the content of the
> petition, if taken as true, does, however, raise potential
> grounds for relief.

Adrian Waite v. State, No. 03C01-9602-CR-00083, slip op. at 4 (Tenn. Crim. App., at Knoxville, March 11, 1997).

On remand, counsel was appointed for the petitioner, amendments were filed, and an evidentiary hearing was conducted. The claim for relief is based in great measure on a May 6, 1993, hearing wherein the trial court convened to consider the submission of a guilty plea. At that proceeding, the petitioner initially refused to answer questions and ultimately denied any participation in the murder. The trial court adjourned without approving the proposed plea agreement. A week later, the petitioner acknowledged that he had stabbed the victim, Angela Ransom, and that he wanted to accept the plea agreement. At that time, the petitioner assured the trial judge that he had been neither forced nor threatened to accept the plea and expressed a full understanding of the consequences of his plea. He also stipulated that he had attacked a second victim, Jolene McClendon, causing slight bodily injury. As a part of the agreement, a rape charge was voluntarily dismissed by the state.

At the evidentiary hearing, the petitioner's mother, Shirley Waite, testified that she had attempted to persuade the defendant to plead guilty based upon the advice of his trial counsel, Brenda Siniard. On cross examination, Ms. Waite acknowledged that she had not been present during the submission hearing on May 13, 1993. Maxine W. Smith, the grandmother of the petitioner, also testified. She recalled that the she had also persuaded the petitioner to plead guilty for fear that he might either receive a life sentence or face the death penalty on the murder charge. Ms. Smith was also not present at the submission hearing.

3

The petitioner testified that he was innocent of the crimes. He stated that he pled guilty because his trial counsel failed to interview witnesses who might testify on his behalf. He testified that his relatives had asked him to plead guilty and that his trial counsel had advised that the trial judge would not accept a guilty plea unless he acknowledged having stabbed the victim. The petitioner claimed that he was merely following his counsel's advice, despite his strong disagreement and did so only because he was "so shaken up."

Trial counsel recalled that the petitioner had been charged with first degree murder, aggravated rape, and aggravated assault. She testified that the petitioner had waived a potential conflict of interest so that she could serve as defense counsel. Trial counsel acknowledged that she recommended acceptance of the guilty plea due to her belief that if the petitioner chose a trial, it was likely that he would be found guilty of first degree murder. She contended that she had conducted an adequate investigation before suggesting acceptance of the offer made by the state and that she had conducted an in depth review of the file of the prosecution. Trial counsel claimed that the only hesitancy exhibited by the petitioner before his plea of guilt related to the length of the proposed sentence, not any claim of innocence.

At the conclusion of the evidentiary hearing, the trial court determined that the pleas had been knowingly and voluntarily entered. The trial court observed that none of the evidence offered during the evidentiary hearing contradicted the content of the transcript of the submission hearing. It found "nothing in the record to support [the] allegation that there was ineffective assistance of counsel or that there was any pressure on [the petitioner] to plead guilty." The trial court specifically accredited the testimony of trial counsel over that offered by the petitioner.

4

In order for the petitioner to be granted post-conviction relief on the grounds of ineffective assistance of counsel, he must establish that the advice given or the services rendered were not within the range of competence demanded of attorneys in criminal cases and that, but for his counsel's deficient performance, the results of his trial would have been different. Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975); Strickland v. Washington, 466 U.S. 668 (1984). This two-part standard, as it applies to guilty pleas, is met when the petitioner establishes that, but for his counsel's errors, he would not have pleaded guilty and would have insisted on trial. Hill v. Lockhart, 474 U.S. 52 (1985).

The burden is on the petitioner to show the evidence preponderates against the findings of the trial judge. Clenny v. State, 576 S.W.2d 12 (Tenn. Crim. App. 1978). Otherwise, the findings of fact made by the trial court are conclusive. Graves v. State, 512 S.W.2d 603 (Tenn. Crim. App. 1973).

The content of the record does not preponderate against the findings made by the trial judge. In our view, that the petitioner followed the advice of his grandmother, his mother, and his trial counsel does not mean that the plea was involuntary. In fact, that kind of collaboration suggests that the pleas were knowingly and intelligently made, after a careful consideration of the facts and circumstances surrounding the charges. That an aggravated rape charge was dismissed by the state as a part of the agreement and that the first degree murder charge was reduced to second degree murder indicates some benefit from the efforts of trial counsel and the thoughtful participation of the petitioner before his acknowledgment of responsibility for each of the crimes. In summary, the evidence does not preponderate against the conclusions made by the trial judge.

5

Accordingly, the judgment is affirmed.

_____
Gary R. Wade, Presiding Judge

CONCUR:

_____
David H. Welles, Judge

_____
Joe G. Riley, Judge