IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JANUARY 2000 SESSION

**FILED**

February 22, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| THOMAS ALLEN CLARK, | * | C.C.A. # E1999-00362-CCA-R3-CD |
| Appellant, | * | KNOX COUNTY |
| VS. | * | Hon. Ray L. Jenkins, Judge |
| STATE OF TENNESSEE, | * | (Post-Conviction) |
| Appellee. | * | |

For Appellant:

Albert J. Newman, Jr.
Attorney
Suite 500, Burwell Building
602 South Gay Street
Knoxville, TN 37902

For Appellee:

Paul G. Summers
Attorney General and Reporter

R. Stephen Jobe
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
Nashville, TN 37243-0493

Randall E. Nichols
District Attorney General

Robert L. Jolley
Assistant District Attorney General
City-County Building
Knoxville, TN 37902

OPINION FILED:_____

AFFIRMED

GARY R. WADE, PRESIDING JUDGE

The petitioner, Thomas Allen Clark, appeals the trial court's denial of post-conviction relief. The single issue presented for review is whether the petitioner was denied the effective assistance of counsel.

We affirm the judgment of the trial court.

On October 5, 1998, the petitioner, who had been charged with five counts of especially aggravated kidnaping, one count of custodial interference, and two counts of aggravated assault, entered pleas of guilt to three counts of aggravated assault. The other charges were dismissed. In accordance with the terms of a plea agreement, the trial court imposed a Range I sentence of six years on each count. Because two of the counts were ordered to be served consecutively, the effective sentence was 12 years.

On February 1, 1999, the petitioner filed this petition for post-conviction relief, alleging that the pleas were neither knowingly nor voluntarily made, that his counsel was ineffective, and that his sentence was excessive. Later, the petitioner was appointed counsel and the petition was amended. The petition and the amendment included assertions that trial counsel failed to conduct an adequate investigation, failed to adequately inform the petitioner about the possible length of the sentence, and, among other things, failed to develop any possible theory of defense.

At the conclusion of the evidentiary hearing, during which the petitioner and his trial counsel both testified, the trial court concluded that the petitioner had not been denied his right to the effective assistance of counsel. In particular, the trial court determined that trial counsel had interviewed all witnesses, sought discovery material from the state, and ascertained petitioner's versions of the offenses. The trial court also concluded that the petitioner's trial counsel had disclosed all possible penalties before arriving at a negotiated plea agreement which

included a 12-year sentence, "a considerable concession to the previously offered bargain." The trial court also determined that the petitioner had been advised of all of his constitutional rights before entering his pleas of guilt. It also observed that the petitioner had not addressed or otherwise complained about the application of enhancement factors or any other issue relating to the excessiveness of the sentence.

In order for the petitioner to be granted relief on grounds of ineffective counsel, he must establish that the advice given or the services rendered were not within the range of competence demanded of attorneys in criminal cases and that, but for his counsel's deficient performance, the result of his trial would have been different. Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984); Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975). This two-part standard, as it applies to guilty pleas, is met when the petitioner establishes that, but for his counsel's errors, he would not have pled guilty and would have insisted on trial. Hill v. Lockhart, 474 U.S. 52, 106 S. Ct. 366 (1985).

Under the terms of the Post-Conviction Procedure Act, a petitioner bears the burden of proving the allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f). The credibility of the witnesses and the weight and value afforded to their testimony are appropriately addressed in the trial court. Bates v. State, 973 S.W.2d 615, 631 (Tenn. Crim. App. 1997). On appeal, the burden is on the petitioner to establish that the evidence preponderated against the findings of the trial judge. Clenny v. State, 576 S.W.2d 12 (Tenn. Crim. App. 1978). Otherwise, the findings of fact by the trial court are conclusive. Graves v. State, 512 S.W.2d 603 (Tenn. Crim. App. 1973).

Essentially, the petitioner here complained that the only reason he entered into the negotiated plea agreement was because his trial counsel had advised that he had no other choice. The petitioner maintained that he had a valid defense and that he gave up his right to a jury trial only because his counsel

3

directed him to do so.

The convictions were based upon an incident involving the petitioner's former girlfriend, Ora Mae Rivers, her two children, who were six and thirteen years old at the time of the offense, and her mother, Stella Bishop. All four were at the apartment of Ms. Bishop when the petitioner, already under a court order of protection, armed himself with a pistol and assaulted and attempted to abduct Ms. Rivers. When Ms. Rivers, once outside the apartment, struggled and was able to free herself, the petitioner returned to the apartment where he detained Ms. Bishop and Ms. Rivers' two daughters. The petitioner held the three hostage for about 30 minutes while he threatened to kill himself. The three aggravated assault pleas pertain to Ms. Rivers, Ms. Bishop, and the thirteen-year-old daughter.

The petitioner's primary complaint is that his trial counsel did not seem to be interested in anything other than a plea agreement. While the petitioner insisted that he had a valid defense, the record of the evidentiary hearing does not suggest what that might have been. Trial counsel informed the petitioner that he would likely receive a twenty-five-year sentence if he chose to have a trial. Trial counsel testified that the petitioner, faced with little other in the way of alternatives, wanted to enter a guilty plea from the outset. The trial judge, who saw and heard the witnesses firsthand, accredited the testimony of trial counsel. In our view, the trial court appropriately determined that the petitioner had failed to establish by clear and convincing evidence that the performance of his trial counsel was deficient and that, but for the deficiency, the petitioner would have insisted on a trial.

Accordingly, the judgment is affirmed.

_____
Gary R. Wade, Presiding Judge

CONCUR:

_____

4

Joseph M. Tipton, Judge

_____
James Curwood Witt, Jr., Judge

5