IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
MAY 2000 SESSION

## GEROME SMITH v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Sumner County**
**No. 330-1998 Jane Wheatcraft, Judge**

---

**No. M1999-02511-CCA-R3-PC - Filed August 31, 2000**

---

The petitioner, Gerome Smith, appeals the trial court's disposition of his petition for post-conviction relief. While granting the petitioner 60 days within which to file an application for permission to appeal to our supreme court this court's affirmance of the original conviction and sentence, the trial court otherwise denied post-conviction relief. The single issue presented for review is whether the petitioner was denied the effective assistance of counsel at trial and on appeal. Because the petitioner has been unable to meet his burden of proof, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed.**

GARY R. WADE, P.J., delivered the opinion of the court, in which JOE G. RILEY and NORMA MCGEE OGLE, JJ., joined.

David A. Simpson, Gallatin, Tennessee, for the petitioner, Gerome Smith.

Paul G. Summers, Attorney General & Reporter, Clinton J. Morgan, Assistant Attorney General, and Kymberly Haas, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On April 3, 1996, the petitioner was convicted of first degree murder. On appeal, this court affirmed the conviction. State v. Gerome J. Smith, No. 01C01-9610-CR-00421 (Tenn. Crim. App., at Nashville, Jan. 7, 1998). There was no application for permission to appeal to the supreme court. Counsel for the petitioner, however, failed to withdraw in accordance with Tennessee Supreme Court Rule 14.

On March 30, 1998, the petitioner filed a petition for post-conviction relief, alleging ineffective assistance of counsel at trial and on appeal. At the conclusion of the evidentiary hearing, the trial court determined that the petitioner had, in fact, received effective assistance of counsel at trial. Because, however, counsel had failed to either withdraw or file an application for permission to appeal this court's decision to the supreme court, the trial court granted the petitioner the opportunity to file an application for permission to appeal to the supreme court in accordance with

the terms of Tenn. R. App. P. 11.

In this appeal, the petitioner argues that trial counsel was ineffective for having failed to adequately investigate the case and, in particular, having failed to call Ella Jo Burrow as a witness. The petitioner contends that Ms. Burrow would have testified that she had seen the victim of the murder carrying a weapon earlier on the day of the murder. Because the petitioner claimed self-defense, he argues that Ms. Burrow's testimony might have produced a different result. The petitioner further complains that his trial counsel failed to interview Detective Stanley Hilgadiack, the lead investigator for the state. The petitioner also points out, with no supporting argument, that his trial counsel failed to "fully apprise himself of the facts with regard to several witnesses" and "failed to file a motion to suppress" statements made by the petitioner to investigating officers.

During the early morning hours of February 23, 1995, officers of the Gallatin Police Department were conducting an investigation of three shooting incidents over a two-hour period. During the investigation, police found the deceased victim, Chuckie Vaughn, who had been shot to death. He had six wounds. A loaded shotgun and several unfired shotgun shells lay near the victim. There was no evidence that the shotgun had been fired but .22 caliber shell casings were discovered within 30 feet of the victim. There were no signs of a struggle. Sherita Bennett told police that she had seen the petitioner in the area of South Blakemore and Church Streets during the very early morning hours. About a week later, a .22 caliber rifle tied to a rock was found in Town Creek.

The petitioner immediately became a suspect after the shooting. Ultimately, he admitted to killing the victim and an audiotape of his statement to police was played for the jury at the trial.

The petitioner stated to police that he shot the victim from about 50 yards away with a .22 caliber rifle and was not sure whether he had struck him or not. The petitioner claimed that at the time of the shooting, the victim was firing shots towards another residence. The petitioner admitted that he was hidden just before he fired the shots. He claimed self-defense, explaining that if he had run, the victim would have shot him in the back. In a separate, unrecorded statement, the petitioner told Detective Hilgadiack that he and the victim had been involved in a shootout earlier in the evening.

At the time of the shooting, first degree murder required proof of "intentional, premeditated and deliberate killing of another." Tenn. Code Ann. § 39-13-202(a)(1) (1991). On appeal, the petitioner contended that the state proved neither premeditation nor deliberation. This court determined that the proof indicated that the petitioner shot and missed the victim from approximately 50 yards before he "hid himself, lying in wait for the victim," and that when the petitioner observed the victim walking nearby, he "immediately fired at least six shots which hit the victim."

At the evidentiary hearing, Ella Jo Burrow testified that she had heard gunshots on the evening of the murder but had never looked outside to identify who was firing the shots. Ms. Burrow admitted seeing the victim with a gun, a fact not at issue at the trial, but denied having seen him fire the weapon. She said she last saw the victim about 10:00 P.M., as much as three hours

before the murder. She was not present when he was shot. She stated that she otherwise knew nothing about the murder.

Trial counsel testified at the evidentiary hearing that he relied on the statements that the petitioner had provided police to present the issue of self-defense. He stated that he conducted his own investigation and met with the petitioner several times prior to trial. Trial counsel admitted that through oversight, he had failed to file an application for permission to appeal. Because there was no legal basis to file a motion to suppress the defendant's statements to police, he decided not to file such a request. It was his belief that Ms. Burrow's testimony, had she been produced as a witness at trial, might have provided some assistance to the claim of self-defense. Trial counsel also testified that he did not believe that the petitioner, who did not testify, would be an effective witness. Trial counsel was aware that the petitioner had admitted that the .22 rifle found in the creek was the murder weapon.

The petitioner also testified at the evidentiary hearing. He acknowledged having been untruthful with the detective during the first interview but conceded that he had admitted to shooting the victim in his second statement.

In order for the petitioner to be granted relief on grounds of ineffective assistance of counsel, he must establish that the advice given or the services rendered were not within the range of competence demanded of attorneys in criminal cases and that, but for his counsel's deficient performance, the result of his trial would have been different. Strickland v. Washington, 466 U.S. 668 (1984); Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975). In a post-conviction proceeding, the petitioner has the burden of proving factual allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f). The findings of fact made by the trial court are conclusive on appeal unless the petitioner is able to establish that the evidence preponderates against those findings. Clenny v. State, 576 S.W.2d 12 (Tenn. Crim. App. 1978); Graves v. State, 512 S.W.2d 603 (Tenn. Crim. App. 1973).

This court may not second-guess the tactical and strategic choices of counsel unless those choices are uninformed because of inadequate preparation. Hellard v. State, 629 S.W.2d 4 (Tenn. 1982). Counsel may not be deemed to have been ineffective merely because a different procedure or strategy might have produced a different result. Williams v. State, 599 S.W.2d 276 (Tenn. Crim. App. 1980).

In reviewing counsel's conduct, a "fair assessment . . . requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 669.

In our view, the testimony of Ms. Burrow would have offered the petitioner little in the way of assistance at trial. The proof she tendered does not establish self-defense and, in our view, would not have affected the results of the trial. The record also establishes that trial counsel had copies of

the petitioner's statements to Detective Hilgadiack. Because trial counsel had received open file discovery from the state, he was also in possession of the statements of both Ella Jo Burrow and her daughter, Renata Burrow. Trial counsel had determined that the petitioner's second statement to Detective Hilgadiack was freely and voluntarily given so there was no basis for a motion to suppress. In summary, the petitioner has failed to show any prejudice as a result of his trial counsel's failure to further investigate or to call Ms. Burrow as a witness.

Finally, the trial court determined that the petitioner was deprived of the right to request an appeal pursuant to Rule 11 of the Tennessee Rules of Appellate Procedure. Both the trial court and this court are authorized to grant 60 days within which to apply for permission to appeal to the supreme court in the event counsel on direct appeal failed to do so. Pursuant to Tenn. Sup. Ct. R. 28, § 9, the petitioner shall have 60 days from the date of this opinion within which to make application for permission to appeal under Tenn. R. App. P. 11.

Accordingly, the judgment is affirmed. The petitioner shall have 60 days within which to seek Tenn. R. App. P. 11 review.

_____
GARY R. WADE, PRESIDING JUDGE