IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
July 17, 2001 Session

## KING DAVID JOHNSON v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Maury County**
**No. 7838     Jim T. Hamilton, Judge**

**No. M2000-02756-CCA-R3-PC - Filed September 20, 2001**

The petitioner, King David Johnson, appeals the trial court's denial of his petition for post-conviction relief. The issue presented for review is whether the petitioner was denied the effective assistance of counsel at trial. The judgment is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JOHN EVERETT WILLIAMS, JJ., joined.

Michael J. Flanagan, Nashville, Tennessee, for the appellant, King David Johnson.

Paul G. Summers, Attorney General & Reporter; Thomas E. Williams, III, Assistant Attorney General; and Robert C. Sanders, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On February 27, 1996, the petitioner was convicted of second degree murder, a Class A felony. See Tenn. Code Ann. § 39-13-210. The trial court imposed a Range I sentence of 20 years. On appeal, this court affirmed the conviction but remanded to the trial court for resentencing. State v. King David Johnson, No. 01C01-9610-CC-00430 (Tenn. Crim. App., at Nashville, Oct. 24, 1997). Permission to appeal to our supreme court was denied on June 29, 1998. On a second appeal after resentencing by the trial court, this court modified the petitioner's sentence to 17 years due to the misapplication of three enhancement factors. State v. King David Johnson, No. 01C01-9808-CC-00329 (Tenn. Crim. App., at Nashville, April 22, 1999). There was no application for permission to appeal to our supreme court.

The conviction was based upon the death of the petitioner's girlfriend, Valerie Duke, who died as a result of a gunshot to the forehead. Rhonda Alexander, a witness for the state at trial, testified that on the day before the shooting, she overheard the petitioner threaten the victim at her

place of employment and observed him throw a soft drink on her. The petitioner acknowledged that he had been at the victim's residence the night of the shooting after receiving a telephone call from the victim, who expressed concern that a window in her house would not close. The petitioner testified that he got dressed, armed himself with a Glock nine-millimeter semi-automatic pistol, and traveled to the victim's residence. Explaining that he took the pistol because he was fearful for his own safety while driving back roads, the petitioner claimed that he loaded the gun just prior to entering the victim's residence. He testified that after he checked the window, he took his gun from his waistband and walked into the bathroom. The petitioner claimed that when he returned, the victim was sitting on the side of a lower bunk bed with the gun in her hand. His defense at trial was that the shooting was accidental. He contended that the victim was holding the gun by its barrel and that when he grabbed for the weapon, it discharged into her head. By the time the police arrived at the scene, the pistol had been tucked underneath the victim's pillow. Investigators found no traces of gunshot residue on the hands of the victim or the petitioner and found no fingerprints on the weapon.

In this petition for post-conviction relief, the petitioner alleged that his trial counsel was ineffective for failing to adequately prepare the case for trial; failing to timely object to inadmissible testimony; failing to call favorable witnesses; and failing to adequately prepare him to testify at his sentencing hearing.

At the evidentiary hearing, the petitioner testified that he saw his trial counsel only three times before trial. He claimed that he first met with trial counsel for approximately 30 minutes at the time that he retained him. The petitioner testified that he met with counsel a second time before Christmas of 1995 when he learned that the trial might begin the following week. The petitioner recalled that he met with his counsel on the third occasion only a few days before trial; at that time, the two discussed jury selection and character witnesses. The petitioner complained that because his trial counsel never rehearsed his testimony, he was unprepared to testify. He testified that he and his trial counsel never communicated after the sentencing hearing. The petitioner claimed that phone records demonstrated that one of the state's witnesses was mistaken or untruthful, but that trial counsel never raised the issue. On cross-examination, the petitioner acknowledged that he never complained to his counsel about the lack of preparation and never considered dismissing him or hiring another lawyer. Other than the petitioner, there were no other witnesses at the evidentiary hearing.

At the conclusion of the proceeding, the trial judge, who presided at trial, ruled that the petitioner received the effective assistance of counsel. He observed that the evidence could have easily supported a conviction for first degree murder and concluded that trial counsel had exhibited unusual skill by persuading the jury to return with a lesser verdict of second degree murder.

In a post-conviction proceeding, the petitioner has the burden of proving factual allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f). The findings of fact made by the trial court are conclusive on appeal unless the petitioner is able to establish that the evidence

preponderates against those findings. Clenny v. State, 576 S.W.2d 12 (Tenn. Crim. App. 1978); Graves v. State, 512 S.W.2d 603 (Tenn. Crim. App. 1973).

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, he must first establish that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Second, he must show that the deficiencies "actually had an adverse effect on the defense." Strickland v. Washington, 466 U.S. 668, 693 (1984). The petitioner is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy, and cannot criticize a sound, but unsuccessful, tactical decision made during the course of proceedings. Adkins v. State, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). Such deference to the tactical decisions of counsel, however, applies only if the choices are made after adequate preparation for the case. Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

In our view, the evidence here does not preponderate against the findings of the trial court. The petitioner acknowledged that his trial counsel discussed a jury selection strategy and addressed the value of using character witnesses. More importantly, the petitioner was unable to suggest any particular way that trial counsel could have better prepared him to testify. The results of the trial were favorable to the defense in consideration of the testimony presented at trial. Of further note, the petitioner has been unable to establish how more preparation for either his trial testimony or that at his sentencing hearing could have altered the outcome of the case. In our view, the petitioner has failed to establish how any of the alleged deficiencies adversely affected the verdict.

Accordingly, the judgment is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE