IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs December 6, 2005

## JOHNNY SHIELDS v. STATE OF TENNESSEE

**Direct appeal from the Madison County Circuit Court**
**No. C-03-166     Donald Allen, Judge**

_____

**No. W2004-02625-CCA-R3-PC - Filed March 3, 2006**

_____

The Petitioner, Johnny Shields, appeals the post-conviction court's dismissal of his petition for post-conviction relief as time-barred. We affirm the judgment of the post-conviction court.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ALAN E. GLENN, JJ., joined.

Johnny Shields, pro se, Whiteville, Tennessee.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and Alfred L. Earls, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**
**I. Background**

This case arises from the Petitioner's filing of a petition for post-conviction relief in the Madison County Circuit Court. On May 3, 2002, this Court issued an opinion affirming the Petitioner's conviction for aggravated sexual battery and modifying his sentences. State v. Johnny Shields, No. W2001-01554-CCA-R3-CD, 2002 WL 927606, at *1 (Tenn. Crim. App., at Jackson, May 3, 2002), *no Tenn. R. App. P. 11 application filed*. The case was not appealed to the Tennessee Supreme Court. May 12, 2003, one year and nine days after this Court issued its judgment on the Petitioner's direct appeal, the Petitioner's pro se petition for post-conviction relief was filed with the Madison County Clerk's Office. The record indicated that because the Petitioner was incarcerated, the petition for post-conviction relief was delivered to the Madison County Clerk's Office via the Tennessee Department of Correction. The space where the Petitioner was supposed to mark the date that his petition was handed over to the Department of Correction was left blank.

During the hearing, the Petitioner argued that because he was incarcerated he was not aware of this Court's judgment until several days after it had been issued. The Petitioner then contended that because he was not immediately aware of this Court's judgment, he should have been granted extra time to file his petition for post-conviction relief, and, thus, his petition should be deemed timely. Based on this evidence the post-conviction court found that the petition for post-conviction relief was not timely filed, and the post-conviction court dismissed the petition with prejudice.

On appeal, the Petitioner filed a motion with this Court to supplement the record, which was subsequently granted. The record on appeal was supplemented with the Petitioner's "Motion to Designate Additional Portions of the Record," which was filed subsequent to the post-conviction hearing. The "Motion to Designate Additional Portions of the Record" includes the Petitioner's affidavit stating that Kathy Watson, the mail room clerk at the Hardeman County Correctional Facility, could support the proposition that the Petitioner had delivered his petition for post-conviction relief to the Department of Correction on May 2, 2003.

## II. Analysis

On appeal, the Petitioner contends that his petition was in fact filed in a timely manner, because it was delivered to the Tennessee Department of Correction on May 2, 2003, which was within the one year statute of limitation. The State argues that evidence to support the Petitioner's contention was not presented at the hearing in the post-conviction court and that this Court is bound by the post-conviction court's factual findings unless the evidence in the record preponderates against those findings.

Under the terms of the Post-Conviction Procedure Act, a petitioner bears the burden of proving his allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-210 (f) (2003). The credibility of the witnesses and the weight and value afforded to their testimony are appropriately addressed in the trial court. Bates v. State, 973 S.W.2d 615, 631 (Tenn. Crim. App. 1997). On appeal, the burden is on the petitioner to establish that the evidence preponderated against the findings of the trial judge. Clenny v. State, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978). Otherwise, the findings of fact by the trial court are conclusive. Graves v. State, 512 S.W.2d 603, 604 (Tenn. Crim. App. 1973).

Under Tennessee Code Annotated section 40-30-102 (a) (2003), a petitioner "must petition for post-conviction relief . . . within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken . . . ." However, according to Tennessee Supreme Court Rule 28, section 2 (G), and Tennessee Rules of Criminal Procedure 49 (c), if a petition is "prepared by or on behalf of a pro se litigant incarcerated in a correctional facility and [is] not received by the clerk of the court until after the time fixed for filing, filing shall be timely if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing."

We begin our analysis by noting that information in the supplemental record, if true, appears to support the Petitioner's assertion that the petition for post-conviction relief was delivered to the

Hardeman County Correctional Facility mail clerk on May 2, 2003, which was within the one year statute of limitations. Because the Petitioner is currently in the custody of the Tennessee Department of Correction, he is entitled to have the statute of limitations for his post-conviction petition measured from the date of the final action of the highest state appellate court to which his appeal was taken to the date that he delivered the petition to the appropriate individual at the correctional facility. See Tenn. Sup. Ct. R. 28, § 2 (G); Tenn. R. Crim. P. 49 (c). In this case, the final action of the highest state appellate court occurred on May 3, 2002, when this Court issued its opinion on the Petitioner's direct appeal, and according to the affidavit used to supplement the record, the date that the petition was delivered to the appropriate individual at the correctional facility was May 2, 2003.

Although the affidavit submitted to supplement the record does purport to present evidence supporting the Petitioner's assertion that his petition for post-conviction relief was filed in a timely fashion, that evidence cannot properly be considered by this Court. The Petitioner's motion to supplement the record was granted under the assumption that the evidence that was to be presented to supplement the record had been part of the record at the post-conviction proceeding, but for some reason had not been certified to this Court as part of the official record on appeal. However, that was not the case. The affidavit sent to this Court with the Petitioner's appeal was not part of the record considered by the post-conviction court, thus, we cannot consider it when determining whether the facts of the case preponderate against the post-conviction court's findings. In light of this, it is this Court's determination that the evidence presented at the post-conviction hearing does not preponderate against the post-conviction court's findings, and the Petitioner is not entitled to relief on this issue.

### III. Conclusion

In accordance with the foregoing, we conclude that the post-conviction court committed no reversible error. Therefore, the judgement of the post-conviction court is affirmed.

_____
ROBERT W. WEDEMEYER, JUDGE