IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JULY 1999 SESSION

FILED

September 9, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| MICHAEL TODD DRINNON, | * | C.C.A. # 03C01-9808-CC-00305 |
| Appellant, | * | HAMBLEN COUNTY |
| VS. | * | Hon. Ben K. Wexler, Judge |
| STATE OF TENNESSEE, | * | (Post-Conviction) |
| Appellee. | * | |

For Appellant:

W. Douglas Collins, Attorney
Evans & Beier, LLP
P.O. Box 1754
Morristown, TN  37816

For Appellee:

Paul G. Summers
Attorney General and Reporter

Marvin S. Blair, Jr.
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
Nashville, TN  37243

John Dugger and Victor Vaughn
Assistant District Attorneys General
419 Allison Street
Morristown, TN  37814

OPINION FILED:_____

AFFIRMED

GARY R. WADE, PRESIDING JUDGE

<u>OPINION</u>

The petitioner, Michael Todd Drinnon, appeals the trial court's denial of his petition for post-conviction relief. In this appeal of right, the single issue presented for our review is whether the petitioner was denied the effective assistance of counsel at trial. We affirm the judgment of the trial court.

On April 26, 1996, the petitioner was convicted of driving under the influence and driving on a revoked license. The trial court imposed an eleven-month, twenty-nine day sentence with a fifty percent release eligibility date for driving under the influence, second offense, and ordered a concurrent, forty-five day sentence for driving on a revoked license. Fines totaled $1,500.00. This court affirmed on direct appeal. <u>State v. Michael Drinnon</u>, No. 03C01-9611-CR-00431 (Tenn. Crim. App., at Knoxville, Dec. 18, 1998). Application for permission to appeal to the supreme court was denied on April 20, 1998.

On June 18, 1998, the petitioner filed a petition for post-conviction relief alleging, among other things, the ineffective assistance of counsel at trial. In particular, the petitioner claimed that there were inadequacies in the investigation and evaluation of the case and that his trial counsel failed to properly communicate. At the conclusion of the evidentiary hearing, which included the testimony of the petitioner and that of his trial counsel, Clifton Barnes, the trial court fully accredited the position of the state. In its ruling, the trial court rejected each of the following arguments:

> (1)  that counsel was insufficient for the failure to file motions to suppress the police videotape of the investigatory stop and subsequent arrest;
>
> (2)  that counsel was ineffective for having advised and encouraged the petitioner to testify on his own behalf without the benefit of a psychological evaluation and despite a "mental disability" on the part of petitioner and

2

"chronic brain syndrome disorders"; and

(3) that counsel was ineffective by the failure to introduce evidence of mitigating factors at the sentencing hearing.

In order for the petitioner to be granted relief on grounds of the ineffective assistance of counsel, he must establish that the advice given or the services rendered were not within the range of competence demanded of attorneys in criminal cases and that, but for his counsel's deficient performance, the results of his trial would have been different. Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975); Strickland v. Washington, 466 U.S. 668 (1984). This court may not second-guess tactical and strategic choices unless those choices were uninformed and due to inadequate preparation. Hellard v. State, 629 S.W.2d 4 (Tenn. 1982). Counsel may not be deemed to have been ineffective merely because a different procedure or strategy might have produced a different result. Williams v. State, 599 S.W.2d 276 (Tenn. Crim. App. 1980).

At the evidentiary hearing, the petitioner must prove his allegations by clear and convincing evidence in order to qualify for relief. Tenn. Code Ann. § 40-30-210(f). On appeal, the burden is on the petitioner to show that the evidence at the hearing preponderated against the findings of the trial judge. Clenny v. State, 576 S.W.2d 12 (Tenn. Crim. App. 1978). Otherwise, the findings of fact made by the trial court are conclusive. Graves v. State, 512 S.W.2d 603 (Tenn. Crim. App. 1973).

In this instance, the burden was on the petitioner not only to establish deficiency in performance but also prejudice in result. Here, the petitioner has been obviously unable to establish how or why he would have prevailed had he

3

challenged the propriety of the investigatory stop or the admissibility of the videotape of his arrest. The defendant has also failed to establish how a psychological evaluation would have served to benefit his cause. Furthermore, the petitioner has been unable to suggest how his cause would have been better served had he not taken the stand to testify in his own behalf. That strategy appears to have been sound under the circumstances and is not subject to second-guess. Finally, the failure to introduce evidence of the defendant's disabilities and medical records at the sentencing hearing was not deemed important by the trial judge who imposed the sentence. The petitioner did have a prior criminal history. The record indicates that the trial judge was aware of physical problems suffered by the petitioner prior to the imposition of sentence, which by all appearances falls within the statutory guidelines. In fact, the jury concluded that he was guilty of driving under the influence of narcotic pain medication prescribed by a physician, not alcohol impairment. Parenthetically, the defendant, at trial, hardly contested the charge of driving on a revoked license.

In our view, the petitioner has failed to demonstrate that the evidence presented at the evidentiary hearing preponderates against the findings and conclusions made by the trial court.

Accordingly, we affirm the judgment of the trial court.

_____
Gary R. Wade, Presiding Judge

4

CONCUR:


_____
David H. Welles, Judge


_____
Joe G. Riley, Judge