IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JANUARY 2000 SESSION

**FILED**

February 22, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| ROBERT W. BREEDEN, | * | C.C.A. # E1999-00363-CCA-R3-CD |
| Appellant, | * | KNOX COUNTY |
| VS. | * | Hon. Ray L. Jenkins, Judge |
| STATE OF TENNESSEE, | * | (Post-Conviction) |
| Appellee. | * | |

For Appellant:

Albert J. Newman, Jr.
Attorney
Suite 500, Burwell Building
602 South Gay Street
Knoxville, TN 37902

For Appellee:

Paul G. Summers
Attorney General and Reporter

R. Stephen Jobe
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
Nashville, TN 37243-0493

Randall E. Nichols
District Attorney General

Robert L. Jolley, Jr.
Assistant District Attorney General
City-County Building
Knoxville, TN 37902

OPINION FILED:_____

AFFIRMED

GARY R. WADE, PRESIDING JUDGE

<u>OPINION</u>

The petitioner, Robert W. Breeden, appeals the trial court's dismissal of his petition for post-conviction relief. In this appeal of right, the single issue presented for review is whether the petitioner was denied the effective assistance of counsel at trial.

The judgment of the trial court is affirmed.

In November of 1995, the petitioner was convicted of attempt to commit murder in the first degree. The trial court imposed a Range I sentence of 23 years. The conviction was a result of an altercation between the petitioner and the victim, Calvin C. Stinnett. After an argument, the petitioner, armed with a .22 caliber semi-automatic rifle, confronted the victim and fired several times at him. One of the projectiles struck the victim's head. The victim suffered permanent injuries which include paralysis to his right side, lost sensation in his legs, and a loss of memory. This court affirmed the conviction and sentence on direct appeal. <u>State v. Robert William Breeden</u>, No. 03C01-9606-CR-00217 (Tenn. Crim. App., at Knoxville, Sept. 30, 1997). Permission to appeal to the supreme court was denied on November 2, 1998.

On March 1, 1999, the petitioner filed this petition for post-conviction relief, alleging, among other things, that his trial counsel was ineffective by failing to raise issues related to the indictment, by failing to challenge a witness at trial, and by failing to present questions regarding the sentence. The trial court appointed counsel who amended the petition, alleging that trial counsel had failed to adequately investigate, had failed to regularly confer with the petitioner and to communicate an offer of a plea agreement, had failed to consider possible theories of defense, and had neglected to adequately advise the petitioner of his right to either testify or remain silent at trial.

At the evidentiary hearing, the petitioner testified that he had only met

with his trial counsel on one occasion for a period of about twenty minutes. He asserted that his trial counsel never discussed possible theories of defense and that defense witnesses were available at trial but never called by his trial counsel. The petitioner insisted that he learned only after the trial that the state had made a twelve-year plea offer, an offer which he said he would have accepted had he been aware of it. The petitioner asserted that he did not hear from his trial counsel from the time of the jury verdict until the sentencing hearing and that his trial counsel offered no evidence in the latter proceeding.

Trial counsel testified that he had met with the petitioner on several occasions and presented supporting documents as corroboration. He specifically recalled advising the petitioner of his right to either testify or to remain silent. He acknowledged that the state had, in fact, made an offer of a twelve-year sentence for attempted second degree murder, and he presented a document signed by the petitioner just before the trial began wherein the petitioner specifically rejected the proposal made by the state. Although denying that he ever signed such a document, the petitioner acknowledged that the signature indicating a rejection of the offer appeared to be in his own handwriting.

At the conclusion of the evidentiary hearing, the trial court ruled in favor of the state, specifically accrediting the testimony of trial counsel and rejecting that of the petitioner, which was described as "confabulation or outright mendacity." The trial court ruled that there was no deficiency on the part of trial counsel regarding the indictment, the alleged "illegal" witness, the degree of his preparation, or the claim pertaining to the sentence. Most importantly, the trial court specifically rejected the petitioner's claim that trial counsel had not communicated the offer of plea agreement extended by the state.

There is a constitutional right to the effective assistance of counsel at all critical stages of criminal prosecution. Tenn. Const., art. I, § 9; Powell v. Alabama, 287 U.S. 45 (1932). In order for the petitioner to be granted relief on

3

grounds of ineffective counsel, he must establish that the advice given or the services rendered were not within the range of competence demanded of attorneys in criminal cases and that, but for his counsel's deficient performance, the result of his trial would have been different. Strickland v. Washington, 466 U.S. 668 (1984); Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975).

The petitioner must prove his factual allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f). It is the duty of the trial court to determine the credibility of the witnesses. Byrge v. State, 575 S.W.2d 292, 295 (Tenn. Crim. App. 1978). On appeal, the burden is on the petitioner to show that the evidence preponderates against the findings of the trial judge. Clenny v. State, 576 S.W.2d 12 (Tenn. Crim. App. 1978). Otherwise, the findings of fact by the trial court are conclusive. Graves v. State, 512 S.W.2d 603 (Tenn. Crim. App. 1973).

In this appeal, the petitioner complains primarily of the lack of communication with his trial counsel and the failure of his trial counsel to inform him of the state's offer of a twelve-year sentence in exchange for a plea of guilty to attempted second degree murder. Not only did the trial court accept as true the testimony of trial counsel, but exhibits presented at trial also corroborated trial counsel's claims that he had met regularly with the petitioner, was prepared for trial, and that the petitioner had specifically rejected the offer made. In our view, the evidence does not preponderate against the findings made by the trial court.

Accordingly, the judgment is affirmed.

_____
Gary R. Wade, Presiding Judge

CONCUR:


_____
Joseph M. Tipton, Judge

4

_____
James Curwood Witt, Jr., Judge