IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 25, 2001

## DANIEL M. BANKS v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Sullivan County**
**No. C43,740    Phyllis H. Miller, Judge**

---

**No. E2000-02620-CCA-R3-CD**
**July 10, 2001**

---

The petitioner, Daniel M. Banks, appeals the trial court's denial of his petition for post-conviction relief. Because the petitioner was provided the effective assistance of counsel and knowingly and voluntarily entered his pleas of guilt to possession of marijuana with intent to sell, possession of over 0.5 grams of cocaine with intent to sell, and possession of drug paraphernalia, the judgment is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed.**

GARY R. WADE, P.J., delivered the opinion of the court, in which JERRY L. SMITH and THOMAS T. WOODALL, JJ., joined.

William A. Kennedy, Assistant Public Defender, Blountville, Tennessee, for the appellant, Daniel M. Banks.

Paul G. Summers, Attorney General & Reporter; Peter M. Coughlan, Assistant Attorney General; and Lewis Combs, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On March 11, 1999, the petitioner, Daniel M. Banks, entered best-interest pleas of guilt to possession of marijuana with intent to sell, a Class E felony; possession of more than .5 grams of cocaine with intent to sell, a Class B felony; and possession of drug paraphernalia, a Class A misdemeanor. See Tenn. Code Ann. §§ 39-17-417, -425; see also North Carolina v. Alford, 400 U.S. 25 (1970). At the sentencing hearing, the trial court imposed a Range I sentence of two years for the possession of marijuana charge; 11 years for the possession of cocaine; and 11 months and 29 days for the possession of drug paraphernalia. The trial court ordered the sentences to be served concurrently. The petitioner was also fined $13,750.00.

On February 22, 2000, the petitioner filed this petition for post-conviction relief. At the evidentiary hearing, he testified that his trial counsel had informed him that the state intended to add gun charges and that he could either plead guilty to the drug charges and receive a nine-year sentence or go to trial and risk a 33-year sentence. He claimed that he was pressured into his decision when his trial counsel said, "Hurry, hurry, tell me something. . . . I've got the judge on the phone." The petitioner contended that "it was already decided" that he would receive a nine-year sentence and that the state would not prosecute him on the gun charges. The petitioner claimed that his father's death and his own declining health contributed to his decision to plead guilty. At the time of his guilty plea, the petitioner had been diagnosed with multiple sclerosis.

On cross-examination, the petitioner stated that when the state first offered him a nine-year sentence, he left the decision up to his trial counsel, who subsequently rejected the deal. When asked by the state if he would have accepted the nine-year offer, the petitioner responded as follows: "No, . . . . I hadn't thought about it. I probably would have taken nine (9) at the time, . . . . I don't know. . . ." He then conceded that no one had actually communicated to him that he would receive a nine-year sentence.

Trial counsel testified that the state first offered the petitioner a 10-year plea agreement, which was subsequently dropped to nine years. He maintained that he discussed the case with the petitioner on several occasions and that the petitioner had rejected the nine-year offer because probation was only possible with an eight-year sentence or less. Trial counsel testified that the petitioner eventually accepted a "blind plea," hoping that the trial court would impose only eight years and consider an alternative sentence.

In this appeal, the petitioner first asserts that his trial counsel was ineffective. Specifically, he claims that his attorney assured him that he was guaranteed a sentence of no more than nine years. In denying the petitioner post-conviction relief, the trial court ruled as follows:

> Petitioner never accepted the State's offer of nine years . . . because it was not probatible. The Court finds that there is no credible evidence that Petitioner believed he would get a nine year sentence . . . at the sentencing hearing. In fact, it appears to the Court that Petitioner may have actually planned to try to have his sentence set aside if he did not receive a sentence he desired. Petitioner was specifically asked by the Court at the plea hearing whether anyone had made any promises to him, other than the agreement that the State would not charge him on a weapons charge in order to get him to plead guilty. He had an opportunity at that time to tell the Court that he had been promised nine years. He did not do so. Instead, he restricted his answer to, "No one has forced me, no."
>
> The Court also finds that Petitioner has failed to prove to any extent that [his trial counsel] was ineffective for failing to explain [the] sentence. After the Court has conducted a sentencing hearing and imposed sentence, Petitioner cannot logically

-2-

complain that an explanation of his sentence at that point would have affected his decision to enter the pleas in the first place.

In a post-conviction proceeding, the petitioner has the burden of proving factual allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f). The findings of fact made by the trial court are conclusive on appeal unless the petitioner is able to establish that the evidence preponderates against those findings. Clenny v. State, 576 S.W.2d 12 (Tenn. Crim. App. 1978); Graves v. State, 512 S.W.2d 603 (Tenn. Crim. App. 1973).

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, he must first establish that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Second, he must show that the deficiencies "actually had an adverse effect on the defense." Strickland v. Washington, 466 U.S. 668, 693 (1984).

The petitioner is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy, and cannot criticize a sound, but unsuccessful, tactical decision made during the course of proceedings. Adkins v. State, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). Such deference to the tactical decisions of counsel, however, applies only if the choices are made after adequate preparation for the case. Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Our review of this record establishes that the petitioner received the effective assistance of counsel. The petitioner acknowledged that he had no agreement with the state and that he understood that he could receive a maximum sentence of 14 years. Even in hindsight, the petitioner was equivocal when asked whether he would have accepted the nine-year agreement. Nothing in this record suggests that trial counsel performed at a level below professional guidelines.

The petitioner next argues that his plea was neither knowingly nor voluntarily made. Specifically, he claims that he was not fully aware of the consequences of his plea because he believed that he would receive no more than a nine-year sentence.

In rejecting the petitioner's claim, the trial court concluded as follows:

[A] review of the transcript of the guilty plea hearing and Petitioner's testimony at the Post-Conviction hearing reveals that Petitioner's pleas were knowing, voluntary and intelligently entered.

At the guilty plea hearing, petitioner submitted a "Request for Acceptance of Plea of Guilty, Waiver of Rights" form . . . . He acknowledged, under oath, that he had signed the form on the front and back and that he had gone over it fully with his attorney. . . . The form stated the offenses to which Petitioner was pleading and the minimum and maximum sentences and fines for each offense. The form was blank as to any agreed sentences.

***

The court advised petitioner in detail of the possible sentences and fines he could receive, that his effective sentence could range from a minimum of eight years to a maximum of fourteen years plus eleven months twenty-nine days. Petitioner stated repeatedly that he understood the possible sentences he could receive.

In Boykin v. Alabama, 395 U.S. 238 (1969), the United States Supreme Court ruled that defendants should be advised of certain of their constitutional rights before entering pleas of guilt. Included among those required warnings are the right against self-incrimination, the right to confront witnesses, and the right to a trial by jury. Id. at 243. The overriding Boykin requirement is that the guilty plea must be knowingly and voluntarily made. Id. at 242. If the proof establishes that the petitioner was aware of his constitutional rights, he is entitled to no relief. Johnson v. State, 834 S.W.2d 922, 926 (Tenn. 1992). "[A] plea is not 'voluntary' if it is the product of '[i]gnorance, incomprehension, coercion, terror, inducements, [or] subtle or blatant threats . . . .'" Blankenship v. State, 858 S.W.2d 897, 904 (Tenn. 1993) (quoting Boykin, 395 U.S. at 242-43).

Here, the trial court accredited the testimony of trial counsel who asserted that the petitioner entered a "blind plea" in hopes of receiving no more than an eight-year sentence. Furthermore, the trial court rejected the petitioner's claim that he had been pressured or coerced and found that he had entered an intelligent, knowing, and voluntary plea. The evidence in the record does not preponderate against those findings.

Accordingly, the judgment is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE