# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

Assigned on Briefs May 21, 2002

## ROBERT ANTHONY PAYNE v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 96-A-311     Seth W. Norman, Judge**

_____

**No. M2001-01994-CCA-R3-PC - Filed June 11, 2002**

_____

The petitioner appeals the post-conviction court's denial of his petition for post-conviction relief. He claims that counsel was ineffective for failing to timely discover the existence of another individual who was questioned regarding the aggravated assault and for failing to interview or cross-examine the victim of the assault. After review, we affirm the judgment from the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which THOMAS T. WOODALL and NORMA MCGEE OGLE, JJ., joined.

Mike Anderson, Nashville, Tennessee, for the appellant, Robert Anthony Payne.

Michael E. Moore, Solicitor General; David H. Findley, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Kymberly L. A. Haas, Assistant District Attorney General, for the appellee, Robert Anthony Payne.

## OPINION

The petitioner, Robert Anthony Payne, a.k.a. Anthony Jordan, appeals from the post-conviction court's denial of his post-conviction relief petition. The petitioner was convicted of one count of vehicular homicide (Class C felony), two counts of reckless endangerment (Class E felony), three counts of reckless aggravated assault (Class D felony), and one count of aggravated assault (Class C felony). The petitioner's convictions were affirmed by this Court. State v. Robert Anthony Payne, No. 01C01-9701-CR-0031, 1998 Tenn. Crim. App. LEXIS 656 (Tenn. Crim. App., filed June 17, 1998, at Nashville). Our supreme court reversed and dismissed one of the reckless endangerment convictions but otherwise affirmed. State v. Payne, 7 S.W.3d 25 (Tenn. 1999). The petitioner filed a petition for post-conviction relief. After a hearing, the post-conviction court denied the petition and notice of appeal was timely filed. The petitioner asserts that he received ineffective assistance of counsel. Specifically, he claims that

counsel was ineffective for failing to timely discover the existence of another individual who was questioned regarding the aggravated assault and for failing to interview or cross examine the victim of the assault. This appeal is properly before this Court.

## Facts

On July 25, 1999, Sergeant Scott Robinson observed the petitioner driving around the parking lot of a Nashville hotel. Sergeant Robinson called in the license tag on the car and discovered that it was registered to another vehicle. The officer continued following the petitioner but did not attempt to pull him over at that time. The petitioner stopped his car, exited the vehicle, and approached Sergeant Robinson. The officer told the petitioner to return to his car. The petitioner got back in his car and fled. Sergeant Robinson again followed the petitioner, during which time he attempted to run his car into Sergeant Robinson's police car. The petitioner was not apprehended at that time.

Later that night, another individual, Ricky Flamingo Brown, was stopped and questioned regarding the assault on Sergeant Robinson. The police officer believed that Mr. Brown might have been the individual involved in the assault on Sergeant Robinson. Mr. Brown was driving a different model vehicle than the one involved in the assault and had a different license tag number than the one reported in the assault. The officer determined that Mr. Brown was not involved in the assault and he was never charged in connection with the incident.

A few days later, the petitioner was arrested after a high-speed police chase which resulted in the death of a small child. He was charged with various offenses as a result of the chase and also was charged with the July 25 assault on Sergeant Robinson. The issue raised on appeal arises from the incident that occurred on July 25, 1999.

The petitioner testified at the post-conviction hearing that he did not assault Sergeant Robinson. He testified that Sergeant Robinson was following him, so he pulled over. The petitioner testified that he exited his vehicle, and Sergeant Robinson told him to return to his car. He then testified that he returned to his car and "took off."

Petitioner's trial counsel testified at the post-conviction hearing that he had been licensed to practice law since 1976, he had thirteen years experience with the public defenders office, and he was qualified to be certified as a Criminal Trial Specialist in Tennessee. Trial counsel did not interview or cross-examine Sergeant Robinson. He also testified that he was not aware of the other driver questioned in connection with the July 25 assault at the time of trial. He later learned of the other driver while petitioner was preparing for his appeal. Trial counsel acknowledged that he might have questioned Sergeant Robinson about the other driver had he known of his existence. However, he did not believe that the additional information concerning the other driver constituted exculpatory evidence. Therefore, it would not have provided a viable defense for the petitioner.

**Analysis**

This Court reviews a claim of ineffective assistance of counsel under the standards of Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975). The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the petitioner so as to deprive him of a fair trial. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996); Overton v. State, 874 S.W.2d 6, 11 (Tenn. 1994); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990). If a petitioner fails to prove one prong, the reviewing court need not consider the other. Harris v. State, 947 S.W.2d 156, 163 (Tenn. Crim. App. 1996).

In a post-conviction proceeding, the petitioner has the burden of proving factual allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f) (1997). The findings of fact made by the post-conviction court are conclusive on appeal unless the petitioner is able to establish that the evidence preponderates against those findings. Clenny v. State, 576 S.W.2d 12 (Tenn. Crim. App. 1978); Graves v. State, 512 S.W.2d 603 (Tenn. Crim. App. 1973). However, we review the post-conviction court's mixed questions of law and fact -- such as whether counsel's performance was deficient or whether that deficiency was prejudicial -- under a purely *de novo* standard. Hellard v. State, 629 S.W.2d 4, 6-7 (Tenn. 1982).

The test to determine whether counsel's performance was deficient is whether his performance was within the range of competence demanded of attorneys in criminal cases. Baxter, 523 S.W.2d at 936. The petitioner must overcome the presumption that counsel's conduct falls within the wide range of acceptable professional assistance. Hicks v. State, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998); Alley v. State, 958 S.W.2d 138, 149 (Tenn. Crim. App. 1997). In order to prove prejudice, a petitioner must demonstrate that "there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068.

Petitioner contends that counsel was ineffective for failing to timely discover the existence of the other driver who was questioned. When a petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing. Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App.1990). As a general rule, this is the only way the petitioner can establish that (a) a material witness existed and the witness could have been discovered but for counsel's neglect in his investigation of the case, (b) a known witness was not interviewed, (c) the failure to discover or interview a witness inured to his prejudice, or (d) the failure to have a known witness present or call the witness to the stand resulted in the denial of critical evidence which inured to the prejudice of the defendant. Black, 794 S.W.2d at 757. Neither the post-conviction court nor this Court can speculate on what a witness' testimony might have been if introduced by counsel. Id.

The trial court held that there was no proof that any information concerning the existence of the other driver pertained to this case. Mr. Brown was driving a different model vehicle, had a different license tag number, and was never charged regarding the assault. The police concluded that Mr. Brown was not involved in the assault on Sergeant Robinson. The petitioner testified that he was, in fact, involved in an incident with Sergeant Robinson on July 25. The petitioner did not present the other driver at the hearing, and provides no evidence that the information regarding the existence of the other driver would have resulted in a different outcome to the proceeding. We conclude that the petitioner has failed to demonstrate how he was prejudiced by counsel's lack of knowledge concerning the other driver questioned.

Petitioner also claims that counsel was ineffective by failing to interview or cross-examine Sergeant Robinson. Again, according to Black, when a defendant contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the defendant at the evidentiary hearing. 794 S.W.2d at 757. Petitioner did not present Sergeant Robinson at the hearing and provides no evidence that any information that would have been obtained from Sergeant Robinson would have resulted in a different outcome to the proceeding. Once again, we conclude that petitioner has failed to prove that he was prejudiced by counsel's decision not to interview or cross-examine Sergeant Robinson.

**CONCLUSION**

Accordingly, we affirm the judgment of the trial court.

_____
**JOHN EVERETT WILLIAMS, JUDGE**

-4-