IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

AUGUST 1997 SESSION

FILED

December 9, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

WILLIAM HAMILTON,              *       C.C.A. # 03C01-9611-CR-00439

    Appellant,              *       HAMILTON COUNTY

VS.                           *       Hon. Stephen M. Bevil, Judge

STATE OF TENNESSEE,           *       (Post-Conviction)

    Appellee.               *

For Appellant:

Tom Landis, Attorney
Suite 327
744 McCallie Avenue
Chattanooga, TN  37403
(on appeal)

Steven G. Moore, Attorney
1800-A  Lafayette Road
Fort Oglethorpe, GA  30742
(at evidentiary hearing)

For Appellee:

Charles W. Burson
Attorney General and Reporter

Clinton J. Morgan
Counsel for the State
450 James Robertson Parkway
Nashville, TN  37243-0493

Bates W. Bryan, Jr.
Assistant District Attorney General
Courts Building, 600 Market Street
Chattanooga, TN  37402

OPINION FILED:_____

AFFIRMED

GARY R. WADE, JUDGE

The petitioner, William Hamilton, appeals the trial court's denial of post-conviction relief. The issue presented for our review is whether the guilty plea was involuntary due to the ineffective assistance of trial counsel.

We affirm the judgment of the trial court.

On May 7, 1992, the petitioner pled guilty to attempted second degree murder. The trial court imposed a Range II, twelve-year sentence. On April 25, 1995, the petitioner filed this petition for post-conviction relief alleging, among other things, that his plea was not knowingly and voluntarily entered and that his counsel was ineffective. Post-conviction counsel was appointed and an amended petition was filed on behalf of the petitioner. At the conclusion of the evidentiary hearing, the trial court determined that petitioner had been provided the effective assistance of counsel and had knowingly and voluntarily entered a plea of guilt.

In order for the petitioner to be granted relief on grounds of ineffective assistance of counsel, he must establish that the advice given or the services rendered was not within the "range of competence demanded of attorneys in criminal cases" and that, but for his counsel's deficient performance, the result of his trial would have been different. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975); Strickland v. Washington, 466 U.S. 668 (1984). This two-part standard, as it applies to guilty pleas, is met when the petitioner establishes that, but for his counsel's error, he would not have pleaded guilty and would have insisted on trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

The burden is on the petitioner to show that the evidence

preponderates against the findings of the trial judge. Clenny v. State, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978). Otherwise, the findings made by the trial court are conclusive. Graves v. State, 512 S.W.2d 603, 604 (Tenn. Crim. App. 1973).

In Boykin v. Alabama, 395 U.S. 238 (1969), the Supreme Court ruled that trial courts must establish a record at the submission hearing that all guilty pleas are knowingly and voluntarily entered. In order to meet constitutional standards, the plea must represent "a voluntary and intelligent choice among the alternative courses of action [available]." North Carolina v. Alford, 400 U.S. 25 (1970); Clark v. State, 800 S.W.2d 500 (Tenn. Crim. App. 1990).

At the evidentiary hearing, the petitioner complained that the trial judge had represented that his sentence would be served in the county workhouse rather than the state penitentiary. He also insisted that the trial judge should have dismissed the indictment rather than granting a second continuance when state witnesses failed to appear at trial. He argues that his trial counsel was ineffective for failing to seek a dismissal.

The record shows that the petitioner had prior convictions which had resulted in periods of incarceration. In 1964, the petitioner received a five-year sentence for felonious assault. In 1971, the petitioner received concurrent sentences of three and ten years for felonious assault and second degree murder.

At the evidentiary hearing, the petitioner's trial counsel recalled that the trial judge allowed the defendant a period of time after his plea to provide care for his mother before reporting to serve his sentence. While the record indicates that the trial judge did advise the petitioner to report to either the county workhouse or

3

the court to begin the service of his sentence, trial counsel explained that "it was never part of the plea agreement that he was to actually serve his sentence at the workhouse, that would have been an impossibility." The petitioner was to merely surrender himself at a later date to the jail or to the court. Trial counsel believed the petitioner understood the plea and that because a self-defense theory was not viable in light of four stab wounds to the victim and several state witnesses refuting the claim, the plea agreement was "absolutely" advantageous to the petitioner.

The submission hearing record demonstrates that the petitioner responded intelligently to a variety of questions imposed by the judge. The petitioner clearly acknowledged that his plea was free and voluntary and that he willingly accepted the state's offer to reduce the charge in return for the guilty plea.

In our view, the petitioner's plea was knowingly and voluntarily entered. Moreover, there is no indication that trial counsel was ineffective. Trial counsel testified that she had sought a dismissal when the state moved to continue the case from its original trial date on February 6, 1992. The trial court properly denied that motion. Had counsel insisted on a dismissal for deprivation of the right to a speedy trial, that relief would not have been warranted under these circumstances. The crime was committed in September of 1991. The petitioner entered a guilty plea on his scheduled trial date of May 7, 1992. See Barker v. Wingo, 407 U.S. 514 (1972); State v. Bishop, 493 S.W.2d 81 (Tenn. 1973). From all of this, it appears that trial counsel performed within the applicable standards.

Accordingly, the judgment is affirmed.

_____
Gary R. Wade, Judge

4

CONCUR:

_____
Paul G. Summers, Judge


_____
William M. Barker, Judge

5